**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TAMARA LUCIANO, | |
| Plaintiff, | Civil Action No. 13-6815 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| POLLACK HEALTH & WELLNESS, INC., et al., | |
| Defendants. | |

**SHIPP, District Judge**

Plaintiff-Relator Tamara Luciano ("Relator") filed this *qui tam* Complaint on behalf of the United States of America ("United States" or the "Government") against Defendants Pollack Health & Wellness, Inc., Pollack Health & Wellness, LLC, and Steven J. Pollack (collectively, the "Defendants") alleging Defendants conducted a policy, practice, and custom of submitting false claims and statements to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1 *et seq.* Relator now moves to voluntarily dismiss the Complaint without prejudice. (ECF No. 12.) Relator also seeks to have the docket in this case sealed, or, in the alternative, to file a redacted complaint. (*Id.*) The Court decides these matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies in part and grants in part Relator's motion.

**I. Background**

Steven J. Pollack, D.C. ("Pollack"), is the sole owner of Pollack Health and Wellness, Inc., a holistic healthcare center that offers chiropractic and physical therapy services. Pollack is

certified in applied kinesiology and has been in practice for more than thirty years. Relator was employed[1] by Pollack Health and Wellness, Inc., where part of her responsibilities involved assisting and coordinating billing. (Compl. ¶¶ 1, 2, ECF No. 1.)

Relator's *qui tam* Complaint essentially alleges four instances of wrongdoing by Defendants. First, she alleges that Pollack submitted false claims for reimbursable services that were not performed, such as physical therapy or chiropractic adjustments, when Pollack actually provided non-reimbursable back treatments using a vertebral axial decompression ("VAX-D") machine. (*Id.* ¶ 53(a).) Second, she alleges that Pollack violated the False Claims Act by waiving co-payments for chiropractic services that required a co-payment or deductible. (*Id.* ¶ 53(b).) Third, she asserts that Pollack targeted patients who were insured for nerve conduction velocity ("NCV") treatments and performed NCV treatments when they were medically unnecessary. (*Id.* ¶ 53(c).) Finally, Relator alleges that Pollack "upcoded" by directing his staff to use whatever Current Procedural Terminology ("CPT") code had a higher reimbursement rate. (*Id.* ¶ 53(d).)

On November 8, 2013, Relator filed this action on behalf of the United States seeking damages under the False Claims Act and the New Jersey False Claims Act. (ECF No. 1.) Pursuant to the procedural requirements of the False Claims Act, Relator served a copy of the Complaint on the United States, which then had sixty days to decide whether to intervene and proceed with the action. *See* 31 U.S.C. § 3730(b)(2). As required, the Complaint remained under seal for the period during which the Government considered whether to intervene. *Id.* On December 20, 2013, the Court granted the Government's request to stay and administratively terminate the case pending the United States' determination as to whether to intervene in the case. (ECF No. 7.) On August 7, 2014, the United States filed a notice indicating that it had elected not to intervene in the action

---

[1] Relator's Complaint provides that she is employed by Pollack Health and Wellness, Inc., but her brief indicates that she no longer works for Defendants. (*See* Relator's Br. ¶¶ 3, 4, ECF No. 12.)

and requesting that the Complaint be unsealed. (ECF No. 8.) By Order dated August 8, 2014, the Court unsealed the Complaint; all other contents of the Court's file remained under seal, except the August 8, 2014 Order and the Government's Notice of Election to Decline Intervention. (ECF No. 9.) Pursuant to § 3730(c)(3), Relator had the right to proceed with the action. On August 22, 2014, Relator indicated that she was moving forward with the action and requested that the Clerk issue summons as to the Defendants. (*See* ECF No. 10.) On September 3, 2014, Relator filed the current motion.

**II.    Discussion**

Relator requests that the Court dismiss her *qui tam* Complaint without prejudice and seal the docket and all filings in the matter. The Court will address each in turn.

    A.    <u>Relator's Request to Dismiss Without Prejudice</u>

Under the False Claims Act, this action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). On September 15, 2014, the United States responded to Relator's motion, stating that it "consent[ed] to her request to voluntarily dismiss this matter." (Gov't Br. 1, ECF No. 14.) The United States requested that "any dismissal be *with* prejudice as to the [R]elator but without prejudice as to the United States." (*Id.*) The United States, however, provided no reason, support, or basis for why the dismissal should be with prejudice as to Relator. Here, the Court grants Relator's request for a voluntary dismissal of her *qui tam* Complaint and dismisses this action without prejudice as to both the United States and Relator.

    B.    <u>Relator's Request to Seal the Docket</u>

Relator requests that the Court seal the docket and all filings in this matter, other than a proposed order of dismissal. (Relator's Br. 3-4.) She asserts that the docket should be sealed "to

3

prevent unlawful retaliation against her by her former employer and prospective future employers, who may be reluctant to employ persons who voluntarily reported health care fraud to government authorities." (*Id.* at 3.) Relator further states that she wishes "to avoid harmful retaliation against her in that Relator lives in close proximity to the Defendant in the small town of Toms River, New Jersey." (*Id.* at 2.)

There is a presumption of access to judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 193-94 (3d Cir. 2001). In this District, motions to seal are governed by Local Civil Rule 5.3, which provides:

> Any motion to seal or otherwise restrict public access . . . shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2). While the Court may seal entries on a docket pursuant to Rule 5.3, the entire docket cannot be sealed. *See* L. Civ. R. 5.3(e). In addition, any motion to seal "shall be available for review by the public." L. Civ. R. 5.3(c)(2). A party seeking to seal a portion of the judicial record bears the burden of demonstrating that "'disclosure will work a clearly defined and serious injury to the party seeking disclosure.'" *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

Initially, the Court must deny Relator's request to seal the docket in its entirety under Local Civil Rule 5.3(e). Additionally, Relator did not meet her burden to demonstrate that partial sealing is appropriate in the present case. The Court recognizes that Relator's fear of retaliation may be plausible. Relator, however, presented no evidence that such a fear is anything other than vague or speculative. Relator has expressed trepidation that her former employer *might* interfere with her career prospects, or that a future employer *could* be reluctant to hire her. Such fear may be

4

justified where a whistleblower makes damaging allegations about a company in the industry in which she wishes to continue to work. Nevertheless, to find that this fear validates sealing an entire docket—or even just the complaint—would ignore the fact that Relator's concern is shared with any employee who sues her employer. *See United States v. King Pharms., Inc.*, 806 F. Supp. 2d 833, 842 (D. Md. 2011) (holding that relator's "hypothetical concerns about possible retaliation by her employer and damage to her career prospects" were insufficient to overcome the presumption in favor of public access); *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785-86 (E.D. Mich. 2008) ("[T]he Court does not believe that Plaintiff-Relator's fear of retaliation by her current employer or future employers is sufficient to overcome the strong presumption in favor of access to judicial records."); *United States ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) ("Yet, such an amorphous retaliation concern will not suffice to warrant resealing the complaint. Indeed, to conclude otherwise would ignore that [plaintiff-relator's] amorphous concern is no different from the concern any employee may have when she sues her employer for whatever reason.").

Further, in consideration of the inherent risk of retaliation that exists for whistleblowers, the False Claims Act expressly provides a cause of action for employees who are retaliated against for filing a *qui tam* complaint. *See* 31 U.S.C. § 3730(h). Additionally, if Relator's former employer should seek to harm her career going forward, the law provides certain tort remedies, such as tortious interference with contract and defamation. Accordingly, "should Plaintiff-Relator be retaliated against by her current employer or future employers for filing this *qui tam* action, she is not without legal recourse." *Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d at 786. Overall, therefore, the Court finds that Relator's general fear of retaliation does not overcome the

5

strong presumption favoring access to judicial records, especially when the law provides recourse in the event Relator is retaliated against in the future.

In the alternative, Relator "requests the opportunity to file a redacted complaint that substitutes 'Jane Doe' for her actual name and deletes other specific identifying criteria." (Relator Br. 3-4.) "'[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829); *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598-99 (1978)). Accordingly, it is only the exceptional case, where a plaintiff can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable," that courts have allowed a party to proceed anonymously. *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). "When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, . . . district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* at 408. The weighing of these competing interests includes a consideration of non-exhaustive factors favoring anonymity, including:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Considering these factors, the Court finds that Relator has provided no information that would allow the Court to conclude that she would suffer substantial harm that might sufficiently

outweigh the public interest in an open litigation process if the Court were to deny her request to file a redacted complaint. The Court specifically notes that on August 8, 2014, the Court granted the United States' request to unseal Relator's Complaint and to lift the seal as to all matters occurring after August 8, 2014. Accordingly, since August 8, 2014, Relator's identity has not been kept confidential. Further, as discussed above, Relator is seeking to have her identity concealed due to her fear of retaliation but has provided no details or evidence to establish that this fear is anything but speculative.

Here, Relator has not demonstrated good cause for the Court to grant her request to proceed anonymously, especially where her identity has been public for months. *Compare Permison*, 492 F. Supp. 2d at 564 (denying request to grant anonymity and stating that although "fear of retaliation is not entirely implausible, it is certainly vague and hypothetical at best"), *and Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d at 785-86 (denying request to redact relator's identifying information from the case based on relator's fear of retaliation from her current employer or future employers), *with United States ex rel. Doe v. Boston Scientific Corp.*, No. 07-2467, 2009 U.S. Dist. LEXIS 59390, at *7-8 (S.D. Tex. July 2, 2009) (granting a *qui tam* plaintiff-relator's request to keep her identity under seal because the relator, who was formerly employed by a medical device company that was the subject of her *qui tam* complaint, described both the retaliation she suffered and her fear that revealing her identity would cause her husband, who worked in the same industry and suffered from a terminal illness, to be fired and that he would be unable to obtain new employment). Overall, after weighing the relevant considerations, the Court is convinced that redaction is inappropriate.

### III. <u>Conclusion</u>

For the aforementioned reasons, Relator's motion is granted in part and denied in part. Relator's motion to dismiss the *qui tam* Complaint, without prejudice, is granted. Relator's request to seal the docket of this case, or, alternatively, to file a redacted complaint is denied. An appropriate order accompanies this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

<u>Dated:</u> April 30, 2015